# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

Direct Dial: (212) 763-0883
Direct Email: rkaplan@kaplanhecker.com

March 15, 2019

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Airbnb, Inc.* v. *City of New York*, No. 18 Civ. 7712

Dear Judge Engelmayer:

      We write on behalf of Plaintiff Airbnb, Inc. in response to Defendant City of New York's letter dated March 12, 2019.  ECF No. 95.

      The City's central complaint seems to be that "Plaintiffs' attorneys" have no "authority to enter into any agreements" on discovery matters, *id.* at 2, and thus the Court must "impress upon Airbnb that it needs to authorize its attorneys to enter into discovery agreements expeditiously," *id.* at 3.  The City's own submission belies its claim.  As the City acknowledges, Airbnb has formally met and conferred on five occasions.  The City has made numerous discovery proposals on those calls (rather than sending proposals in advance).  Counsel has responded to the proposals by taking them to Airbnb, making appropriate inquiries, and updating the City on Airbnb's position.  As discussions have continued, Airbnb has agreed to provide substantial information to the City, including information beyond what was set forth in Airbnb's responses and objections and on matters that have no bearing on the narrow legal issues in this action.  *E.g.*, *id.* at 2 n.3 (acknowledging agreement on City's request that seeks "all legal documents" in which Airbnb has "claimed immunity under Section 230 of the Communications Decency Act").

      The City's letter also ignores the ways the City itself has protracted the discovery process.  At the outset of discovery, Airbnb and HomeAway propounded 4 joint interrogatories and 7 joint requests for production.  *See* Exs. A & B.  The City propounded more than three times as many—14 interrogatories and 27 requests for production.  ECF No. 95-1.  Further, while Airbnb has been clear about what it will and will not agree to produce in its responses and objections, in meet-and-confers, and in follow-up letters, the City has made vague objections coupled with generic statements to the tune of "[n]otwithstanding these objections and subject to the general objections, and without waiving or in any way limiting these objections, the City states that it is continue to search for documents responsive to this Document Request, and that it will produce relevant, non-privileged documents responsive to this Document Request and will meet and confer with Plaintiffs regarding the date for such production."  Ex. C at 7; *see also* Ex. D.  These responses say effectively nothing, and in discussions since, the City has refused to

illuminate what, if anything, it intends to produce.  For example, Plaintiffs requested documents "concerning the potential accessibility of the Compelled Data to any governmental agencies, entities, officials, or employees with authority relating to the criminal laws, including but not limited to any prosecutors and criminal investigators," Ex. B at 6.  The City objected and expressed confusion, and counsel for Airbnb pointed out that this was an "area for discovery" that the Court expressly identified in its preliminary injunction decision.  ECF No. 92 at 27 n.9.  The City characterized the Court's decision as "interim" and indicated that the City disagreed with it.  Ex. F at 3.  Later on the same call, the City indicated that would respond in some form to this request, Ex. F. at 3, but when Airbnb sent a letter memorializing that discussion, the City robotically responded that the letter did not "fully and accurately depict[] all that was discussed during the joint meet and confer," Ex. G.  Simply put, on this request and many others, Airbnb has no way of knowing whether it will receive responsive discovery.  And because the City has resisted entering a protective order that would adequately protect sensitive information from being passed on to OSE enforcement officials, it is not even clear *when* Airbnb will be in a position to evaluate the City's compliance with its discovery obligations.[1]  Such delays are particularly prejudicial given the scheduling concerns Airbnb has already raised.  ECF No. 94.

The City's three specific complaints turn on additional mischaracterizations of Airbnb's objections and what Airbnb has offered to date.

***Disclosure of Host Information.***  The City made numerous requests regarding disclosure of host information to third parties.  Airbnb asserted targeted objections, most of which the City does not challenge.  ECF No. 95-2 at 6-11, 21-25, 28-30.  Airbnb further informed the City that it does not sell New York City host information and does not disclose such information in ways that are not in furtherance of its business interests.  *Id.* at 7-10.  Notwithstanding its objections, Airbnb agreed to produce policies and procedures concerning the selection and vetting of third parties to whom New York City user data may be disclosed and concerning information security as applicable to Airbnb.  *Id.* at 6-10, 21-25, 28-30.  It explained that such documents "reflect its practices with respect to disclosure of user data to vendors" and questioned "why additional documents would be relevant to the question of whether it is constitutional for the City to seek wholesale disclosure of all of Airbnb's New York City host information."  Ex. E at 3.  After the City pressed, Airbnb offered to provide the templates that it uses to prepare agreements with third parties, including the data security provisions to which third parties generally must agree, in addition to questionnaires, forms, and other related documents.

Never has the City explained why this substantial documentation is insufficient for the City to understand Airbnb's practices with respect to sensitive information that Airbnb may disclose for business purposes, or why the City needs "all documents" concerning a "potentially boundless number of discrete information transfers made in the normal course of business operations."  ECF No. 95-2 at 22-23, 25.  To the extent the City's requests are designed to assist efforts to collect information in unrelated cases, that is not an appropriate use of discovery.

***Statistics Concerning New York City Airbnb Listings.***  The City's request for statistical information has never been the sticking point the City pretends it is.  From the beginning, Airbnb

---

[1] The lack of an agreed-upon protective order means that Airbnb still needs to make document productions as well.  Unlike the City, however, Airbnb has specifically identified documents it intends to produce.

has offered to produce statistical information it already collects for monthly reports. ECF No. 95-2 at 15-19. And when the City expressed interest in receiving an identically formatted spreadsheet from both Plaintiffs created specifically for this litigation, Airbnb stated it was open to doing so. Ex. E at 2. The City, however, has yet to propose a form.

The only real open question relates to Defendant's Request No. 8, which seeks "the total number of New York City short-term rentals, per month, that were booked through the Airbnb platform as a 'private room' or 'shared room' rental for three (3) or more guests" during 2018. ECF No. 95-1 at 9. Airbnb has explained that it does not track how many guests stay at a listing. When posting a listing, hosts are required to state the maximum number of guests a listing could accommodate, but that statistic—which the City did *not* ask for in Request No. 8—is not only irrelevant, but wildly misleading. Using the theoretical number of guests that could stay at a listing as a proxy for guests who actually stayed would significantly overstate whatever the City is seeking to prove. The City has had no response to Airbnb's concerns about the misleading nature of the statistic, other than to insist on production.

***Claims and Statements Made in Legal Filings.*** The City raises issues concerning the SCA. Airbnb has informed the City that it does not intend to pursue its SCA claim and, accordingly, has not sought any discovery on that topic.

The City also refers to documents concerning Airbnb's "One Host, One Home" policy, as well as documents concerning Airbnb's views and actions regarding New York short-term rental laws. The City has never articulated how these documents could be relevant to Airbnb's constitutional rights.[2] This case concerns the limitations on the City's ability to obtain troves of data from homesharing platforms, and it cannot be that Airbnb's enforcement of its own policies transforms an unconstitutional search regime into a constitutional one.[3] Moreover, Airbnb's monitoring and enforcement of its voluntary policies touch on sensitive issues of corporate management and are informed by legal advice. The City would never agree to produce information about how OSE officials monitor listings and make individual enforcement decisions, and there is no justification for the City to demand the same of Airbnb. Nevertheless, in an effort to be cooperative, Airbnb offered a Rule 30(b)(6) deposition relating to the "One Host, One Home" policy. The City rejected that offer without explanation.

\*     \*     \*

Thank you for your attention to this matter.

---

[2] The City's letter does not address other objections that Airbnb has asserted in response to the interrogatories and requests that the City cites. *See* ECF No. 95-2 at 11, 13, 19-20, 26-27.

[3] Airbnb has mentioned the "One Host, One Home" policy in its papers to provide background, but neither Airbnb nor the City has ever contended that the policy has any bearing on the obligations imposed by the Ordinance or its lack of a mechanism for pre-compliance review. ECF No. 14-1 at 14-22; ECF No. 27 at 7-17; ECF No. 47 at 1-5.

KAPLAN HECKER & FINK LLP	4

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan

cc:	Counsel of Record (via ECF)