

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAREN B. SELVIN**
Phone: (212) 356-2208
Fax: (212) 356-2019
kselvin@law.nyc.gov

March 20, 2019

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

        Re:   <u>Airbnb, Inc. v. City of New York,</u> 18-cv-7712

Your Honor:

      Defendant City of New York ("City") submits this letter pursuant to Section 2(C) of Your Honor's Individual Rules in response to Plaintiff Airbnb, Inc.'s ("Airbnb") March 15, 2019 letter filed with this Court. While the City notes that Airbnb's letter was supposedly filed in response to the City's March 12, 2019 discovery dispute letter, at the bottom of page 1 and the top of page 2 of its letter, Airbnb raises its own complaints about the City's responses to Plaintiffs' joint interrogatories and document requests and annexes copies of the relevant documents as exhibits to its letter.[1] *See* Dkt. 96. In addition, Airbnb makes the inaccurate claims that the City has "protracted the discovery process" and has "resisted" entry of a protective order. *See id*. As these topics were not addressed by the City in its March 12, 2019 discovery dispute letter,[2] the City submits this letter in response to Airbnb's misguided discovery claims.

      As a preliminary matter, the City notes that Airbnb has failed to comply with Local Rule 37.2 with regard to discovery disputes. Therefore, its complaints regarding the City's conduct during discovery should be disregarded. Should they be considered, though, the City takes issue with Airbnb's curious assertions that the City has "protracted the discovery process" and has "resisted" entry of a protective order. Nothing could be further from the truth. The City responded to all of Plaintiffs' interrogatories and document requests on February 15, 2019, four days before those responses were actually required to be served. All interrogatories were

---

[1] Of note, Airbnb fails to disclose in its letter that it served a second set of document requests on the City on February 8, 2019 and that the City responded to those requests on March 11, 2019. *See* Exhibits A and B.

[2] The City is aware that Section 2(C) of Your Honor's Individual Rules indicates that replies are not invited for discovery disputes. Accordingly, this letter does not address the topics raised by the City in its March 12, 2019 letter. Instead, this letter solely addresses Airbnb's newly-asserted discovery disputes raised in its March 15, 2019 letter at the bottom of page 1 and top of page 2. In accordance with the Court's rules, Chambers was notified.

answered by the City (unlike Airbnb), and even though the City has significant concerns regarding the relevance, scope and vagueness of most of Plaintiffs' document requests,[3] after noting its objections, the City has agreed to produce responsive, non-privileged material for virtually all of Plaintiffs' document demands.  Thus, it is puzzling as to why Airbnb states in its March 15, 2019 letter that the "City has refused to illuminate what, if anything, it intends to produce."[4]  And indeed, unlike Plaintiffs, the City already commenced production of documents on February 15, 2019, when it served its initial responses.

Moreover, with the aim of expediting discovery, the City emailed to all Plaintiffs a draft clawback agreement on January 23, 2019.[5]  Counsel for Airbnb responded on January 24th that Plaintiffs wished to incorporate its provisions into a broader protective order and that they would send a draft to the City by early the following week.  That was not done.  Instead, the draft protective order was not remitted by Plaintiffs to the City until February 7th.  On February 13th, the City emailed Plaintiffs a revised draft of the protective order and stated that it was willing to discuss these edits on that same day or the next day.  The City never received a response to its offer to discuss its edits with Plaintiffs on February 13th or 14th.  More than two weeks later, during the second joint meet and confer on February 28th, the parties discussed the current status of the draft protective order, and Plaintiffs indicated that they would circulate a new draft reflecting the parties' general understanding early during the week of March 4th.  On March 7th, counsel for HomeAway (on behalf of all Plaintiffs) circulated a new draft of the protective order that did not comport with the City's general understanding of what the parties had agreed to during the February 28th call.  The City expeditiously reviewed Plaintiffs' latest draft of the protective order and remitted its limited edits to Plaintiffs on March 11th with the invitation that it was available to discuss them at any time.  To date, Plaintiffs have not responded to the City's March 11th edits to the protective order.

Finally, Airbnb asserts that the "City has resisted entering a protective order that would adequately protect sensitive information from being passed on to OSE enforcement officials."  This is not accurate.  While the City will not address in this publicly-filed letter the specifics of its edits to the draft protective order, it does note that its offer to accept an Excel spreadsheet setting forth relevant booking and listing statistics in lieu of the actual documents maintained by Plaintiffs, ensures that the City will not see a large trove of host and guest information.

---

[3] For example, even though the Complaint asserts a facial challenge to Local Law 146, Plaintiffs have served the City with discovery requests that are directed at how the Mayor's Office of Special Enforcement ("OSE") may disclose or utilize the Local Law 146 information at some point in the future.  Yet, this is beyond the scope of Plaintiffs' Fourth Amendment claim which focuses solely on whether the law's reporting requirements constitute an illegal search.  Moreover, Plaintiffs have posited a number of requests that seek documents and communications regarding any criminal referrals by OSE over a six-year period (going back to the Bloomberg Administration).  Yet, any past referrals, for example, based on observations of criminal conduct during OSE's on-site inspections, are not indicative as to what OSE would do in the future with the information reported under Local Law 146.  And indeed, it is the final OSE rules that accompany Local Law 146 (when published) that will govern the retention and disposition of the reported information and those rules were clearly not in effect six years ago or even one year ago.

[4] The City notes that the signatory on Airbnb's March 15, 2019 letter to this Court, attorney Roberta A. Kaplan, has not participated in any of the discovery meet and confers between Airbnb and the City and, thus, her statements about what has occurred (or has not occurred) during those discussions are not based on personal knowledge.

[5] The City will produce copies of the cited email correspondence upon request of the Court.

Moreover, the City can represent that it has already agreed to restrictions regarding the use by the City of any information obtained from Plaintiffs during discovery.

Respectfully submitted,

/s/

Karen B. Selvin (KS-3816)
Assistant Corporation Counsel

cc:     Airbnb's Counsel of Record (via ECF)