UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

AIRBNB, INC.,

                Plaintiff,

v.

THE CITY OF NEW YORK,

                Defendant.

-------------------------------------------------------------X

**AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

18 Civ. 7712 (PAE)

-------------------------------------------------------------X

HOMEAWAY.COM, INC.,

                Plaintiff,

v.

CITY OF NEW YORK,

                Defendant.

18 Civ. 7742 (PAE)

-------------------------------------------------------------X

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties (~~consent~~) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.     This case (~~is~~) (is not) to be tried to a jury. [Circle one.]

3.     Each Plaintiff in these related actions has filed a motion for a preliminary injunction. The parties have advised the Court that they agree that no discovery is necessary before the preliminary injunction motions are decided because the issues raised by the motions are primarily legal in nature, and the Court's decision on the preliminary injunction motions will significantly inform the nature and scope of any discovery. As a result, the deadlines set forth below are measured by the number of days from the Court's decision on the

preliminary injunction motions (the "PI Order").

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of the PI Order. [Absent exceptional circumstances, thirty (30) days.]

5. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than 14 days from the date of the PI Order. [Absent exceptional circumstances, fourteen (14) days.]

6. All fact discovery shall be completed no later than May 28, 2019 ~~100 days from the date of the PI Order~~. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6 above.

    a. Initial requests for production of documents to be served by 14 days from the date of the PI Order.

    b. Interrogatories to be served by 14 days from the date of the PI Order.

    c. Depositions to be completed by May 28, 2019 ~~90 days from the date of the PI order~~.

    d. Requests to Admit to be served no later than 70 days from the date of the PI Order.

8.  a. The parties agree that no expert discovery is needed. ~~All expert discovery shall be completed no later than 145 days from the date of the PI Order. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6, i.e., the completion of all fact discovery.]~~

    b. ~~No later than thirty (30) days prior to the date in paragraph 6, i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).~~

9. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion

conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 6, *i.e.*, the close of fact discovery.

10. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

11. a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

   No such exchange would be productive at this time.

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   The parties' respective positions are set forth in the Joint Letter dated October 1, 2018.

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 11(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   The parties' respective positions are set forth in the Joint Letter dated October 1, 2018.

   d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. The Final Pretrial Order date is thirty (30) days following the close of fact ~~and expert~~ discovery ~~(whichever is later)~~. By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is  one week            .

14.  [Other items, including those in Rule 26(f)(3).]

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

15.  [Other]

16.  The next Case Management Conference is scheduled for 7/8/19 at 2:30 p.m.

       This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 7) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: 4/12/19
New York, New York

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge