# KAPLAN HECKER & FINK LLP

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

Direct Dial: (212) 763-0884
Direct Email: rkaplan@kaplanhecker.com

July 3, 2019

**By ECF**

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Airbnb, Inc.* v. *The City of New York*, No. 18 Civ. 7712
            *Homeaway.com, Inc.* v. *City of New York*, No. 18 Civ. 7742

Dear Judge Engelmayer:

    We write on behalf of Plaintiffs Airbnb, Inc. ("Airbnb") and HomeAway.com, Inc. ("HomeAway") in the above-referenced actions, pursuant to Section 2(C) of Your Honor's Individual Rules and in response to the letter submitted to the Court by Defendant City of New York ("City") on June 28, 2019.  *See* 18 Civ. 7712, ECF No. 112 ("June 28 Letter").

    As noted in the June 28 Letter, the parties have been engaged in a productive meet-and-confer process in an effort to reach agreement on the topics to be covered during the Rule 30(b)(6) deposition of the City's representatives.  On June 27, Plaintiffs proposed a narrowing of Topic Nos. 7-9 to accommodate concerns that the City had raised during the parties' June 18 meet-and-confer.  *See* Ex. E to June 28 Letter.  The following evening, the City sent Plaintiffs a letter objecting to the narrowed topics on various grounds, including that the topics "are irrelevant to Plaintiffs' facial constitutional challenge to [the Ordinance]."  *See* Ex. F to June 28 Letter at 2. Fifteen minutes later, the City filed a letter with the Court, seeking a protective order with regard to Topic Nos. 7-9 and reiterating its argument that the topics "are irrelevant" in "a facial constitutional challenge to a statute."  *See* June 28 Letter at 2.

    The City's relevance objections lack merit.  As the Court has stated, Plaintiffs challenged the Ordinance under the Fourth Amendment because it "lacks a mechanism for pre-compliance review by a neutral of its monthly command that booking services produce their New York City user records."  Jan. 3, 2019 Opinion at 41, ECF No. 92 ("the Opinion").  In defending the constitutionality of the Ordinance, the City has argued that the Ordinance is justified under the Fourth Amendment (despite its conceded lack of a pre-compliance review mechanism) because it is somehow "necessary" or "needed" in connection with the enforcement of laws relating to short-term rentals.  City's Mem. in Opp'n to Mot. for Prelim. Inj., ECF No. 27, at 5, 18; Decl. of Christian Klossner, ECF No. 25, ¶ 17.  The City has thus put directly at issue the very subjects addressed by narrowed Topics 7-9:  the stated and actual purposes of the Ordinance; whether the intrusion into

constitutionally-protected privacy interests contemplated by the Ordinance was necessary and reasonable in order to achieve those purposes, and whether there existed more tailored alternatives to do so; and whether the scope and structure of this unprecedented ordinance was influenced by considerations beyond the City's stated purpose of facilitating OSE enforcement priorities, such as lobbying efforts and/or influence from the hotel industry.

In their initial joint letter to the Court, the parties all agreed that the Opinion would "significantly inform the nature and scope of discovery." ECF No. 38 at 2. The Opinion leaves no room for doubt that the subjects set forth in narrowed Topics 7-9 are proper areas for discovery. For starters, the Opinion noted a clear conflict over the purpose of the Ordinance: whereas the City had submitted documents asserting an OSE enforcement purpose, ECF No. 92 at 4-5, Plaintiffs had "depict[ed] the Ordinance as the product of a concerted lobbying effort by rival industries aimed at hobbling home-sharing platforms' ability to do business in New York City," *id*. at 9. Moreover, the Opinion noted that the Court itself had "inquired about the anticipated operation of the Ordinance" and then summarized the City's disputed responses. *Id*. at 11. The Opinion also reviewed—and properly treated as significant—the availability of "[a]lternative investigative techniques," including "the City's historical use of subpoenas and other means." *Id*. at 13. Then, in assessing the "reasonableness" of the Ordinance, the Court considered the "City's justification for the Ordinance's sweeping scope," the Ordinance's lack of "tailoring," including the "contrast to a tailored subpoena," and "the extent of the intrusion on protected privacy interests." *Id*. at 34-35.

These factual questions were central to the Court's preliminary injunction analysis and insofar as the City intends to pursue its argument that the Ordinance is somehow necessary or reasonable in light of stated objectives relating to enforcement of short-term rental laws, these factual issues will likely remain important going forward. The City may disagree with the Opinion, but it cannot block Plaintiffs from eliciting 30(b)(6) testimony on fact issues that City has put at issue and that the Court has deemed relevant to its legal analysis of the City's defense of the Ordinance. *See Sabre* v. *First Dominion Capital*, LLC, No. 01 Civ. 2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A 30(b)(6) witness . . . is responsible for providing all the relevant information known or reasonably available to the entity.").

Beyond the threshold issue of relevance, the City also raises a number of concerns in its June 28 Letter that Plaintiffs had attempted to address through the meet-and-confer process—before the City abruptly submitted its letter requesting judicial relief. The City's stated concerns provide no basis for the issuance of a protective order.

**Topic 7.** As Plaintiffs made clear to the City during the parties' June 18 meet-and-confer, Plaintiffs are not asking the City to prepare a 30(b)(6) witness to testify as to the subjective motivations of independently-elected individuals on the New York City Council. Rather, Plaintiffs seek testimony as to the purpose and motivation *of the City* in formulating and enacting the Ordinance—specifically, the purposes of the Ordinance as understood by those who helped create it and will oversee its implementation (namely, OSE, the Mayor's Office, and other City entities represented by the City of New York Law Department in these actions). Further, in narrowing the

scope of Topic 7 by providing additional detail on the specific subtopics in which Plaintiffs are interested, Plaintiffs have attempted to work with the City to accommodate the deliberative process privilege concerns that the City has raised, as well as to avoid asking a 30(b)(6) witness to testify as to the subjective motivations of individual City Council members. The City has put at issue its motives in formulating and enacting the Ordinance; it cannot turn around and refuse to provide testimony on those very issues.

To the extent that the City argues that Topic 7 has not been described with reasonable particularity, Plaintiffs respectfully submit that the meaning of the familiar phrases that the City claims to be overly broad and ambiguous (*i.e.*, the "purpose of [the Ordinance]," its "anticipated operation and effect," and "alternative potential regimes") are all clear on their face.

**Topics 8-9.** The City objects to Plaintiffs' narrowed Topics 8 and 9 on the basis that they are not described with reasonable particularity and are overly broad. The City raised those concerns during the June 18 meet-and-confer, and, in an effort to address them, Plaintiffs proposed that testimony be limited to "policies, procedures, and practices" concerning coordination or engagement by OSE, the City Council, and the Mayor's Office with the Hotel Industry. Contrary to the City's assertions, the narrowed topics do not require the City's 30(b)(6) witness to testify to all "communication or other interaction" with the Hotel Industry, and instead permit the City's 30(b)(6) witness to speak to a far narrower topic: how, as a general matter, specific City entities coordinated or engaged with the Hotel Industry as to OSE's enforcement efforts and the enactment of the Ordinance.

\*   \*   \*

Based on the foregoing, Plaintiffs respectfully request that the Court deny the City's request for a protective order with regard to Topics 7-9.

Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan
*Counsel for Airbnb, Inc.*


*/s/ Kristin A. Linsley*
Kristin A. Linsley
*Counsel for HomeAway.com, Inc.*

cc:   Counsel of Record (via ECF)