

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

GEORGIA M. PESTANA
*Acting Corporation Counsel*

KAREN B. SELVIN
Phone: (212) 356-2208
Fax: (212) 356-2019
kselvin@law.nyc.gov

September 13, 2019

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 1305
New York, New York 10007

    Re: <u>Airbnb, Inc. v. The City of New York</u>, 18 CV 7712 (PAE)
       <u>HomeAway.com, Inc. v. City of New York</u>, 18 CV 7742 (PAE)

Your Honor:

    Pursuant to Section 3(H) of Your Honor's Individual Rules and Section 9 of the Case Management Plan,[1] Defendant City of New York ("City") writes to respectfully request a pre-motion conference in anticipation of filing a motion for summary judgment on all claims in the above-entitled consolidated actions. Plaintiffs Airbnb, Inc. ("Airbnb") and HomeAway.com, Inc. ("HomeAway") seek to permanently enjoin New York City Local Law No. 146 of 2018 ("Local Law 146"), which would require online booking services, such as Airbnb and HomeAway, to periodically report to the City a limited amount of information pertaining to hosts who rent accommodations for less than thirty (30) days within the City. Specifically, Plaintiffs assert that Local Law 146, on its face, violates the First and Fourth Amendments to the United States Constitution, the Supremacy Clause of the United States Constitution,[2] and Article I, Sections 8 and 12 of the New York State Constitution.

---

[1] Section 9 of the Case Management Plan provides that a pre-motion letter related to a summary judgment motion must be filed within fourteen (14) days after the deadline for the completion of depositions, or the motion will be deemed untimely. The current itineration of the Case Management Plan sets forth a deposition deadline of August 30, 2019. However, as this Court is aware, yesterday, the City filed with the Court via e-mail (due to the inclusion of confidential information) a discovery dispute letter pertaining to HomeAway, which, if granted, could extend the fact discovery deadline for a limited amount of time. As that discovery dispute letter has yet to be addressed by the Court and, further, the City has completed discovery with regard to Airbnb, the City is filing this pre-motion letter to ensure its ability to file a motion for summary judgment on all claims in these consolidated actions.

[2] Following this Court's preliminary injunction decision, Airbnb withdrew its claim that Local Law 146 is preempted by the federal Stored Communications Act ("SCA"). HomeAway still asserts this claim.

The City submits it is entitled to summary judgment on all such claims.[3] To prevail on a motion for summary judgment, a party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Summary judgment is appropriate when there can be but one reasonable conclusion as to the verdict, i.e. it is quite clear what the truth is, and no rational factfinder could find in favor of the nonmovant." *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (internal citations and quotation marks omitted). Government enactments, such as Local Law 146, are presumed to be constitutional. *Bush v. Vera*, 517 U.S. 952, 992 (1996). "A facial challenge to a legislative [a]ct is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [a]ct would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Here, Plaintiffs cannot establish that under every circumstance, Local Law 146 is invalid. Thus, Plaintiffs' request to have Local Law 146 permanently enjoined should be denied, and the City should be granted summary judgment.

**Plaintiffs' Unlawful Search Claims Fail**

Plaintiffs' claims that Local Law 146's reporting requirement constitutes an illegal search of their business records lack merit under either the Fourth Amendment to the United States Constitution or Article I, Section 12 of the New York State Constitution.[4] In order to show an infringement of a Fourth Amendment right, a litigant must establish that "a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' . . . has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979); *see also United States v. Knotts*, 460 U.S. 276, 285 (1983). Plaintiffs may only show that they have a reasonable expectation of privacy if: (i) they seek to maintain the records sought under Local Law 146 as private; and (ii) such subjective expectation of privacy in those records is a reasonable one. *Knotts*, 460 U.S. at 281 (quoting *Katz v. United States*, 389 U.S. 347, 351, 361, 363 (1967). Here, Plaintiffs cannot show a reasonable expectation of privacy in those records because, as discovery has revealed, they voluntarily convey the information that would be contained in those records to a large amount of third parties, including, but not limited to, guests, marketing affiliates, service providers, and governmental entities. *See Smith*, 442 U.S. at 743-44; *United States v. Miller*, 425 U.S. 435, 443 (1976); *United States v. Ulbricht*, 858 F.3d 71, 96-97 (2d Cir. 2017). Plaintiffs' claims are further diminished because they fail to take measures to prevent those third parties from further disseminating the information to others. Moreover, some of the information sought under Local Law 146 is public, and therefore Plaintiffs' expectation of privacy is not reasonable. As for the information that is not publicly available, Plaintiffs' own terms of service and privacy policies—aside from stating that Plaintiffs may share hosts' personal information with third parties—contemplate that hosts have the ultimate authority as to when and/or how their information may be disclosed. This fact undermines Plaintiffs'

---

[3] Defendant reserves the right to move on additional grounds not presented in this pre-motion letter application.

[4] To the extent that Plaintiffs also assert Fourth Amendment claims on behalf of their hosts, these fail because: (i) Plaintiffs lack standing to assert such claims; (ii) Plaintiffs' hosts lack a reasonable expectation of privacy in the short-term rental transactional records to be disclosed pursuant to Local Law 146; and (iii) Plaintiffs' hosts have already consented to the disclosure.

conclusory claims that the Local Law 146 records constitute their commercially-sensitive business records in which they have a reasonable expectation of privacy.

Even if the Court were to find that Plaintiffs have a legitimate expectation of privacy in these records, Local Law 146's reporting requirement is reasonable under the Fourth Amendment and Article I, Section 12.  First, Local Law 146 seeks a limited amount of information held by Plaintiffs regarding their hosts.  The record will show that Plaintiffs collect from a variety of sources an extensive amount of information pertaining to their hosts, which the City does not seek.  Local Law 146 is reasonably tailored and will aid the City in enforcing the applicable short-term rental laws.  Moreover, the City submits that the significant level of illegality on Plaintiffs' platforms solidifies the reasonableness of Local Law 146.  Lastly, Local Law 146's reporting requirement does not constitute an "administrative search" that requires pre-compliance review before a neutral arbiter.  Even if it did, the instant action provides such review and, thus, the Fourth Amendment and Article I, Section 12 are satisfied.

**Local Law 146 Is Not Preempted by the SCA**

HomeAway's claim that Local Law 146 is preempted by the SCA is similarly flawed.  As a preliminary matter, Local Law 146 requires the disclosure of certain information that is readily accessible to the public and, thus, not protected by the SCA.  Furthermore, Local Law 146 requires that booking services obtain their hosts' consent for the disclosures.  Pursuant to Section 2703(c)(1)(C) of the SCA, a covered provider may be compelled to disclose subscriber or customer information to the Government when the Government *has* the subscriber's or customer's consent.  Accordingly, the consent provision set forth in Local Law 146 is consistent with the SCA.  Plaintiff HomeAway's argument that such consent is coerced, and further, that the City must directly obtain the consent from their hosts, is misguided.  Plaintiffs' own policies provide that their hosts and guests agree to the disclosure of their personal information to the Government, a fact highlighted by this Court in its preliminary injunction decision when it found that Plaintiffs were unlikely to succeed on the merits of this claim.  *See* Dkt. No. 92 at 44 ("[P]laintiffs' terms of service appear themselves to establish effective user consent to the possibility that information will be disclosed to governmental entities.").  Further, both the plain language and the legislative history of the SCA make clear that the City need not directly obtain a host's consent.

**Local Law 146 Does Not Unlawfully Compel Speech**

Plaintiffs' compelled speech claims under the First Amendment to the United States Constitution and Article I, Section 8 of the New York State Constitution are baseless.  Plaintiffs' existing privacy policies already satisfy the consent provision set forth in Local Law 146.  Moreover, Local Law 146 compels conduct (*i.e.,* obtain consent), not speech, and thus, the Free Speech Clauses are not implicated.  Finally, even if Local Law 146 were to compel speech (which it does not), it implicates commercial speech and advances the City's laudable goals of reducing illegal transient use, preserving permanent housing, and ensuring public safety.  Therefore, it does not run afoul of the First Amendment or Article I, Section 8.

**Conclusion**

        For the foregoing reasons, Defendant respectfully submits that it has a good faith basis to move for summary judgment in the above-referenced consolidated actions and requests that the Court schedule a pre-motion conference.

                                Respectfully submitted,

                                /s/

                                Karen B. Selvin
                                Assistant Corporation Counsel

cc:      Plaintiffs' Counsel of Record (via ECF)